IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Justin Byron Fowler, ) | Civil Action No. 4:11-70029-TLW |
| ) | Criminal No. 4:08-963-TLW |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Petitioner, Justin Byron Fowler, ("Petitioner") entered a plea of guilty to Count 2 of the indictment on September 2, 2009. (Doc. # 107). Count 2 reads, "That on or about July 17, 2008, . . . the defendants . . . knowingly, intentionally, and unlawfully did attempt to possess with intent to distribute 500 grams or more of cocaine . . . in violation of [21 U.S.C. §§ 841(a)(1), 843 (b)(1)(B), and 841(b)(1)(D)], and did aid and abet each other in the commission of the aforesaid offense; All in violation of [21 U.S.C. § 846 and 18 U.S.C. § 2]." (Doc. # 2). Defendant was sentenced to sixty (60) months imprisonment. (Doc. # 142). Judgment was entered on May 18, 2010. No notice of appeal was filed.

On February 1, 2011, Petitioner filed a Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence which is now pending before this Court. (Doc. # 148). The United States of America ("Government") filed a response in opposition on February 25, 2011, (Doc. # 153), and a motion for summary judgment on March 4, 2011. (Doc. # 154).

## 28 U.S.C. § 2255

United States Code Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or

correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. It is established that "[a] petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence." White v. United States, 352 F.Supp.2d 684, 686 (E.D.Va., 2004), (citing Miller v. United States, 261 F.2d 546 (4th Cir.1958)).

The Fourth Circuit has noted that "[u]nless it is clear from the pleadings and the files and records that the prisoner is entitled to no relief, the statute makes a hearing mandatory." Raines v. United States of America, 423 F.2d 526, 529 (4th Cir. 1970). However, the Fourth Circuit has also noted that "there is a permissible intermediate step that may avoid the necessity for an expensive and time consuming evidentiary hearing in every Section 2255 case," and that "[i]t may instead be perfectly appropriate, depending upon the nature of the allegations, for the district court to proceed by requiring that the record be expanded to included letters, documentary evidence, and in an appropriate case, even affidavits." Id. at 529-30.

## DISCUSSION

Petitioner asserts in his motion, among other claims, that his counsel was ineffective for failing to file a notice of appeal despite Petitioner's desire to do so. Petitioner asks that his appellate rights be restored.

Caselaw has developed in this area. Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000). The Fourth Circuit has concluded that "a criminal defense attorney's failure to file a notice of appeal

when requested deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). This deprivation of the right to appeal entitles Petitioner to relief under 28 U.S.C. § 2255. See Id. The Fourth Circuit clarified that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007).

Rule 8 of the Rules Governing Section 2255 Proceedings states that, in determining whether to hold an evidentiary hearing, the judge "must review the answer, any transcripts, and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." In Petitioner's memorandum in support of his 2255 petition, Petitioner states "[B]ecause Petitioner expressly told his former attorney about his desire to appeal, but counsel did not file a notice of appeal and Petitioner learned of that fact when it was too late to remedy, Petitioner's appellate rights should be reinstated." (Doc. # 148-1). The transcript reflects that this Court advised Petitioner of his right to appeal. Sentencing Tr. 33:17-25, 34:1 (Doc. # 152). The Court, in its standard instructions at sentencings, stated that counsel is to "consult with your client about whether or not he wishes to appeal." Id. Furthermore, the Court stated that "once he has made that decision, if you would, have him reflect it on the form provided by the clerk and then please place that form in the record." Id. The Government has not submitted this form nor is it part of the record in this case. Additionally, the Government did not seek an affidavit from Petitioner's trial counsel indicating that Petitioner directed counsel not to appeal. There is no evidence in the record submitted by the Respondent to support a position contrary to that alleged by Petitioner. Upon

3

consideration of the evidence submitted in this case, the Court finds that Petitioner has sufficiently met his burden of proof with respect to his claim that his counsel failed to file a notice of appeal on his behalf. Under these circumstances, this Court concludes it is appropriate to allow the appeal to proceed. A hearing in this matter would not change the outcome of this decision. Therefore, the Court grants the Petitioner relief under 28 U.S.C. § 2255 allowing him to proceed with an appeal.

## CONCLUSION

For the foregoing reasons, so stated, it is **HEREBY ORDERED** that Petitioner's motion for relief under 28 U.S.C. § 2255 is **GRANTED** only with respect to allowing him to file an appeal. Therefore, the Court hereby vacates Petitioner's sentence of conviction and immediately reinstates and reimposes his conviction. **The petitioner will have 14 days from the filing date of this Order to file a notice of appeal of his original conviction. See Fed. R. App. P. 4(b)(1)(A)(i).** The remainder of Petitioner's claims are **DISMISSED** without prejudice. See United States v. Killian, No. 01-7470, 2001 WL 1635590 at *1 (4th Cir. 2001)(unpublished).

**IT IS SO ORDERED**.

    s/Terry L. Wooten
United States District Judge

October 24, 2011
Florence, South Carolina